Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KARA CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN STONE & METAL CORP., doing business as SHANE CO., a Colorado Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and<br><br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff Kirk Kara Corp. ("Kirk Kara" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Kirk Kara is a California corporation.

5. Plaintiff is informed and believes and thereon alleges that Defendant Western Stone & Metal Corp., doing business as Shane Co. ("Shane Co."), is a Colorado corporation, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO COPYRIGHT VA 1-872-235

8. Plaintiff owns an original jewelry design ("Subject Design A") which has been registered with the United States Copyright Office and assigned Registration No. VA 1-872-235.

9. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design A to numerous parties in the jewelry industry.

10. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design A, Shane Co., Doe Defendants, and each of them, distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to products sold by Shane Co. under the name "Vintage Swirl 14k White Gold Engagement Ring."

11. An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

| **Subject Design A** | **Subject Product A** |
|---|---|
|  | |

12. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the accused product is substantially similar to the design at issue.

## CLAIMS RELATED TO COPYRIGHT VA 1-872-112

13. Plaintiff owns an original jewelry design ("Subject Design B") which has been registered with the United States Copyright Office and assigned registration no VA 1-872-112.

14. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design B to numerous parties in the jewelry industry.

15. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design B, Shane Co., Doe Defendants, and each of them, distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to products sold by Shane Co. under the name "Vined Vintage Diamond Platinum Wedding Band with Pave-Setting."

16. An image of Subject Design B and an exemplar of Subject Product B are set forth hereinbelow:

| **Subject Design B** | **Subject Product B** |
|---|---|
|  |  |

4
COMPLAINT

1  17. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the accused product is substantially similar to the design at issue.

## CLAIMS RELATED TO COPYRIGHT VA 1-872-230

18. Plaintiff owns an original jewelry design ("Subject Design C") which has been registered with the United States Copyright Office and assigned registration no VA 1-872-230.

19. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design C to numerous parties in the jewelry industry.

20. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design C, Shane Co., Doe Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design C (hereinafter "Subject Product C") without Plaintiff's authorization, including but not limited to products sold by Shane Co. under the names "Vintage Round Diamond and Traditional Sapphire Cathedral Engagement Ring" and "Engraved Vintage Round Diamond and Traditional Sapphire Ring." An image of Subject Design C and an exemplar of Subject Product C are set forth hereinbelow:



| **Subject Design C** | **Subject Product C** |

21. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the design on the accused product is substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, B, and C (hereinafter collectively, "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas jewelry manufacturers or fabricators; (c) access to Plaintiff's strike-offs and samples.

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures jewelry. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with retailers, and each of them, and supplied jewelry to said retailers, which products infringed the Subject Designs in that said jewelry was identical or substantially similar to the Subject Designs, or were an illegal modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling the Subject Product through a nationwide network of retail stores and through on-line websites.

26. Due to Defendants', and each of their, acts of infringement, Plaintiff has

6
COMPLAINT

suffered damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

29. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Designs as alleged herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to

suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202—Against all Defendants, and Each))

35. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes and now alleges that the Subject Designs contained Content Management Information ("CMI"), including but not limited to text, identifying Kirk Kara as author and owner of the designs and its copyrights. One such example of Plaintiff's CMI is set forth below:



37. Plaintiff is informed and believes and now alleges that Defendants, in their production, distribution, sale, and marketing of the Subject Products, violated 17 U.S.C. §1202 by intentionally removing and/or altering the CMI attached to Plaintiff's design and then by distributing the Subject Products with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law. None of the materials, physical or digital, distributed by Defendants identify Plaintiff as the author of the Subject Products.

38. Plaintiff is informed and believes and now alleges that Defendants distributed and sold the Subject Products knowing that they had mislabeled and/or fraudulently included improper CMI, knowing that the CMI had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title.

39. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

40. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Designs;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in its designs;

c. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

d. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

e. That Plaintiffs be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 and 17 U.S.C. § 1203;

f. That Plaintiffs be awarded pre-judgment interest as allowed by law;

g. That Plaintiffs be awarded the costs of this action; and

  h. That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 27, 2020  By:  /s/ *Scott Alan Burroughs*
             Scott Alan Burroughs, Esq.
             Trevor W. Barrett, Esq.
             DONIGER / BURROUGHS
             Attorneys for Plaintiff