UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | *Kirk Kara Corp. v. Western Stone and Metal Corp., et al.* | Page | 1 of 12 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT WESTERN STONE AND METAL CORP.'S MOTION TO DISMISS [17]**

This matter is before the Court on the Motion to Dismiss ("MTD") filed by Defendant Western Stone and Metal Corp. [Doc. # 17.] Plaintiff Kirk Kara Corp. filed the Complaint ("Compl.") on February 27, 2020 against Defendant, alleging copyright infringement, vicarious copyright infringement, contributory copyright infringement, and a violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. [Doc. # 1.] On April 15, 2020, Defendant filed the instant MTD. The motion is fully briefed. Opp. [Doc. # 25]; Reply [Doc. # 26].

## I.
## JUDICIAL NOTICE

In support of its MTD, Defendant seeks judicial notice of 12 documents. Request for Judicial Notice ("RJN") [Doc. # 18]. The documents include: United States Copyright Office online catalog records for Registration Nos. VA 1-872-235, VA 1-872-112, VA 1-872-230; screen captures from www.kirkkara.com with Plaintiff's Subject Designs A, B, and C; high-resolution photographs of Subject Designs A, B, and C; and high-resolution photographs of Defendant's Subject Products A, B, and C. *See id.*

The Court **GRANTS** the RJN as to Exhibit 3, United States Copyright Office online catalog record for Registration No. VA 1-872-230. The remainder of the RJN is **DENIED as moot**, because the Court need not consider the rest of the documents in reaching its decision.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take notice of government documents obtained from reliable sources. *See U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 2 of 12 |

App'x 594 (9th Cir. 2017); *Reyn's Pasta Bella, LLC v. Visa USA*, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts may take notice of matters of public record). Since Defendant obtained Exhibit 3 from a government source whose reliability is not in dispute, the document is judicially noticeable.

## II.
## FACTUAL BACKGROUND

Plaintiff is the owner of three registered copyrights for jewelry designs: Subject Design A, Registration No. VA 1-872-235; Subject Design B, Registration No. VA 1-872-112; and Subject Design C, Registration No. VA 1-872-230 (collectively, the "Subject Designs"). Compl. at ¶¶ 8, 13, 18. Plaintiff states that the Subject Designs were widely disseminated in the jewelry industry. *Id.* at ¶¶ 9, 14, 19.

Plaintiff also alleges that Defendant, doing business as Shane Co., distributed and/or sold four engagement rings ("Subject Products") that are substantially similar to Plaintiff's copyrighted jewelry designs. *Id.* at ¶¶ 10, 15, 20. Plaintiff includes side-by-side images of the Subject Designs and the Subject Products in the Complaint to show that the designs are substantially similar. *Id.* at ¶¶ 11, 16, 20. These images appear as follows:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 3 of 12 |





*See* Compl.

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court may consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-1931-DMG (Ex) | Date | August 14, 2020 |
|---|---|---|---|
| Title | *Kirk Kara Corp. v. Western Stone and Metal Corp., et al.* | Page | 4 of 12 |

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id.*

### IV.
### DISCUSSION

**A.** **Copyright Infringement**

To prevail on a copyright infringement claim, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."[1] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Absent direct evidence of copying, a plaintiff can establish copying by showing that the defendant had access to the plaintiff's work and the works are substantially similar.[2] *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).

In assessing whether works are substantially similar, the Ninth Circuit employs two sequential tests: the extrinsic test and the intrinsic test. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) (quoting *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017)). A district court applies only the extrinsic test at the motion to dismiss stage. *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010). The extrinsic test is an "objective comparison of specific expressive elements; it focuses on the articulable similarities between the two works." *L.A. Printex Indus., Inc.*, 676 F.3d at 848, *abrogated on other grounds by Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, ___ F.3d ___,

---

[1] For the purposes of this MTD, Defendant does not contest the ownership or validity of Plaintiff's copyright registrations. Reply at 12. Defendants nonetheless notes in its MTD that Plaintiff's image of Subject Design C appears to feature two ring designs while Plaintiff's copyright registration lists only one title. MTD at 23; *see also* Compl. at ¶ 20; RJN Ex. 3. It is well-established that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).

[2] For purposes of this MTD, Defendant does not contest that it had access to Plaintiff's designs. Reply at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
|---|---|---|---|
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 5 of 12 |

2020 WL 2781317 (9th Cir. May 29, 2020) (citation and internal quotation marks omitted). The extrinsic test consists of two steps: (1) filtering out unprotectable elements to determine the "breadth" of copyright protection for the protectable elements, and (2) comparing the corresponding protectable elements in both works to determine their similarity. *Malibu Textiles, Inc.*, 922 F.3d at 952–53.

### 1. Step One: Protectable Elements

First, a court "must filter out the unprotectable elements of the plaintiff's work—primarily ideas and concepts, material in the public domain, and *scènes à faire* (stock or standard features that are commonly associated with the treatment of a given subject)." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118 (9th Cir. 2018), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Trust v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822–23 (9th Cir. 2002)) (internal quotation marks omitted). A court must then determine whether the copyrighted work is entitled to broad or thin protection by determining the breadth of possible expression of the protected elements. *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010) ("If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is 'broad' and a work will infringe if it's 'substantially similar' to the copyrighted work. If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' and a work must be 'virtually identical' to infringe.") (internal citation omitted)).

In the context of jewelry design, concepts inherent in jewelry making and ideas that merge with expression are unprotectable. *See Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.3d 738, 742 (9th Cir. 1971) (finding that copying a jeweled bee pin was not copyright infringement because the idea of a jeweled bee pin and its expression are inseparable); *Cosmos Jewelry, Ltd. v. Po Sun Hon Co.*, 470 F. Supp. 2d 1072, 1082 (C.D. Cal. 2006), *aff'd*, 2009 WL 766517 (9th Cir. Mar. 24, 2009) (finding that sand-blasting and high-polish finishes are unprotectable, since those techniques are standard to the medium of gold jewelry making); *Aaron Basha Corp. v. Felix B. Vollman, Inc.*, 88 F. Supp. 2d 226, 230 (S.D.N.Y. 2000) ("[T]he idea of using precious metals, gemstones, and enamel to decorate a pendant is unprotectable, since these decorative features are commonly used throughout the jewelry business."). It is well-established, however, that "[o]riginal selection, coordination, and arrangement of unprotectible elements may be protectible expression" if the combination is sufficiently original. *L.A. Printex Indus., Inc.*, 676 F.3d at 849; *Rentmeester*, 883 F.3d at 1119–20. To be sufficiently original, a combination of unprotectable elements must be "particularly selected and arranged" to create a "novel arrangement." *Skidmore*, 952 F.3d at 1075 (citation and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
|---|---|---|---|
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 6 of 12 |

In its MTD, Defendant argues that after filtering out unprotectable elements, Plaintiff's Subject Designs are entitled to only thin copyright protection because there are few protectable elements. MTD at 18–19.[3] Defendant offers a list of eight elements in the Subject Designs that it claims are unprotectable:

- The idea of using precious metals to make a ring
- The idea of decorating a ring with gemstones
- The color (i.e., silver) of white gold or platinum
- The size and shape of an engagement or wedding ring
- The idea of decorating a ring with curlicue or paisley shapes
- The color and cut of gemstones, including diamonds and sapphires
- Polished finishing techniques on an engagement or wedding ring
- Techniques for setting gemstones, including channel and pavé settings

MTD at 20. Indeed, the Subject Designs include "standard, stock, or common," and therefore unprotectable, elements such as finishing techniques and the use of precious metals and gemstones. *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003). According to the U.S. Copyright Office, the "[f]aceting of individual stones (*i.e.*, gem-cutting)," "[p]urely functional elements, such as a clasp or fastener," and "[c]ommon or symmetrical arrangements are also generally not copyrightable. U.S. COPYRIGHT OFFICE, *Compendium of U.S. Copyright Office Practices* § 908.3 (3d ed. 2017).

Plaintiff responds that both the Subject Designs and Subject Products share "assorted baroque and creative shapes," a "paisley motif," "art deco motifs," and "the use of alternating stones," Plaintiff does not specify whether it believes these elements are protectable or unprotectable. *Id.* at 12, 15. Nor does Plaintiff argue that any of the individual elements in its Subject Designs are protectable. Instead, Plaintiff argues that while the Subject Designs contain individually unprotectable elements, they "are original in their selection and arrangement of standard shapes," and are thus entitled to copyright protection. Opp. at 12.

While the Court agrees with Plaintiff's conclusion, Plaintiff's reasoning slightly misses the mark. Defendant argues that, even though the Subject Designs are *protectable*, they should receive only *thin* copyright protection and, as a result, should only be able to form the basis of a copyright infringement action if infringing works are "virtually identical" to them. Defendant's cited authority, however, does not fully support its position. In essence, Defendant argues that the engagement rings at issue are, to use the Ninth Circuit's language, more like a painting of the

---

[3] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 7 of 12 |

red bouncy ball than an "aliens-attack movie." *See Mattel,* 616 F.3d at 913–14. But the primary cases on which Defendants rely involve original works that, by definition, have a more limited universe of expression than the engagement rings at issue. In *Sophia & Chloe, Inc. v. Brighton Collectibles, LLC*, the original work at issue was a "Buddha's Kiss" earring—"a teardrop-shaped earring incorporating the henna symbol for the word 'kiss' and the shape of the Buddha." 708 F. App'x 460, 461 (9th Cir. 2018). In *Cosmos Jewelry Ltd. v. Po Sun Hon Co.*, the original work was gold jewelry in the shape of a Hawai'ian "plumeria flower blossom." 470 F. Supp. 2d 1072, 1075 (C.D. Cal. 2006), *aff'd*, No. 06-56338, 2009 WL 766517 (9th Cir. Mar. 24, 2009). And in *Satava v. Lowry*, the court considered anatomically accurate glass sculptures of jellyfish. 323 F.3d 805, 812 (9th Cir. 2003). In each case, the court ruled that the plaintiff's universe of expression was limited by the nature of the work itself. In *Sophia & Chloe*, the court ruled that there were only "limited number of ways to design a teardrop-shaped earring incorporating the henna symbol for the word kiss and the shape of the Buddha." 708 F. App'x at 462. In *Cosmos Jewelry*, the court noted that the plumeria flower "always has five petals, which are arranged like a pinwheel" and only naturally occurs in "several colors, or combinations of colors, including white, yellow, pink, and rose." 470 F. Supp. 2d at 1077. And in *Satava*, the court noted that the elements of the sculpture at issue were "typical of jellyfish physiology." 323 F.3d at 811-12.

There is no such limiting factor in this case. The Subject Designs do not imitate an uncopyrightable form found in nature, they do not center on the same few images or words, and they do not all take the same shape. Unlike the *Satava* plaintiff, Plaintiff in this case does not seek to "prevent others from copying elements of expression that nature displays for all observers, or that the [engagement ring] medium suggests to all [jewelry designers]." *Id.* at 812. Rather, Plaintiff's allegations suggest that it wants to protect its expression within an entire category of jewelry: engagement rings. As the *Sophia & Chloe* court acknowledged, there are "*numerous* ways to design" a piece of jewelry, without any such limiting factors. *Sophia & Chloe*, 708 F. App'x at 462 (emphasis added) ("[T]here are numerous ways to design an earring, but [that] misses the relevant question: whether there are many or few ways to design a teardrop-shaped earring incorporating the henna symbol for the word 'kiss' and the shape of the Buddha.").

The Court sees no difference between earrings and engagement rings in this context. To the extent that a difference exists and, as a result, there is only a limited number of ways to design an engagement ring, the Court cannot reach that conclusion without further factual development. At this stage, Plaintiff's allegations are sufficient for the Court to infer that, as a matter of fact, like aliens-attack movies, there are "gazillions" of ways to assemble and express engagement rings. *See Mattel,* 616 F.3d at 913–14; *L.A. Printex Indus., Inc.*, 676 F.3d at 850–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 8 of 12 |

51. Based on the record before the Court, therefore, the Subject Designs enjoy broad copyright protection.

### 2. Step Two: Substantial Similarity

Because the Subject Designs are entitled to broad copyright protection, a plaintiff can satisfy the extrinsic test by showing that the works are substantially similar. *Mattel, Inc.*, 616 F.3d at 913–14. When assessing similarity in selection, coordination, and arrangement of unprotectable elements, there is no "well-defined standard . . . . The best we can do is borrow from the standard Judge Learned Hand employed in a case involving fabric designs: The two [works'] selection and arrangement of elements must be similar enough that 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them.'" *Rentmeester*, 883 F.3d at 1121 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)). Additionally, "a selection and arrangement copyright is infringed only when the works share, in substantial amounts, the 'particular,' *i.e.*, the 'same,' combination of unprotectable elements." *Skidmore*, 952 F.3d at 1075 (quoting *Feist*, 499 U.S. at 349–51).

The Complaint alleges that the "elements, composition, arrangement, layout, and appearance" of the works are substantially similar. It also includes "side-by-side pictures that make[s]" certain similarities "apparent." Compl. at ¶¶ 12, 17, 21; *Malibu Textiles, Inc.*, 922 F.3d at 953. But the pictures also reveal some differences between the Subject Designs and Subject Products. Nonetheless, a copyrighted design need not be copied "in its entirety" to be infringed under the substantial similarity standard—the infringer need only copy a "substantial portion" of the copyrighted work. *L.A. Printex Indus., Inc.*, 676 F.3d at 852.

At bottom, the determination of whether the Subject Designs and Subject Products are substantially similar is also unfit for the pleading stage. It is a fact-dependent inquiry that is better suited for adjudication after the parties have had the chance to collect further evidence through discovery.[4] *See Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F. Supp.

---

[4] Defendant argues that courts *may* determine substantial similarity at the pleading stage, but concedes that it is "less common" for courts to do so in cases involving works of "visual art" than in cases involving literary works. MTD at 13. Indeed, the Ninth Circuit has stated that, while it is not "unprecedented" for courts to adjudicate substantial similarity at the pleading stage, it is more common for courts to do so at the summary judgment stage. *Rentmeester*, 883 F.3d at 1123. While the record before the Court includes images of the original and allegedly infringing works, the Court disagrees with Defendant that the works are capable of full examination and comparison, given that the Court lacks expertise or experience in the area of jewelry design. To the contrary, the Court's "judicial experience" and "common sense" counsel against adjudicating the issue before the parties have assembled a full factual record. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (instructing courts to "evaluate a complaint's plausibility" using "judicial experience and common sense").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
|---|---|---|---|
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 9 of 12 |

3d 959, 967 (N.D. Cal. 2019). At this stage, from a visual examination of the two-dimensional photographs, it is sufficient for the Court to conclude that Plaintiff's allegations of substantial similarity are sufficiently plausible to survive the MTD. Defendant's MTD is **DENIED** as to the copyright infringement claim.

**B.      Vicarious and/or Contributory Copyright Infringement**

The Ninth Circuit defines a contributory infringer as one who "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017). The knowledge requirement for contributory infringement is satisfied if the defendant had "actual knowledge" or "reason to know of direct infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (emphasis omitted). Taking "active steps . . . to encourage direct infringement," such as "advertising an infringing use," qualifies as inducement. *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (internal quotation marks omitted).

Here, Plaintiff plausibly alleges Defendant's knowledge by claiming that the Subject Designs were "widely disseminated . . . to numerous parties in the jewelry industry." Compl. at ¶ 9, 14, 19; Opp. at 17. Further, Plaintiff alleges that Defendant had access to the Subject Designs through other means, including Plaintiff's "showroom and/or design library," "illegally distributed copies of the Subject Designs by third-party vendors," and Plaintiff's "strike-offs and samples." Compl. at ¶ 23; Opp. at 17. Thus, Defendant knew or should have known that the Subject Products that it created were substantially similar to Plaintiff's copyrighted work. Compl. at ¶ 30; Opp. at 17. In alleging that Defendant distributed or sold the Subject Products to retailers, Plaintiff plausibly alleges that Defendant materially contributed to or induced infringement of copyrighted works. *See* Compl. at ¶ 30.

To be liable for vicarious infringement, a defendant must have (1) "the right and ability to supervise the infringing activity" and (2) "a direct financial interest in such activities." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). The first prong of supervision requires a specific relationship of control between the vicarious infringer and the direct infringer. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). The Ninth Circuit has held that "a defendant exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Id.* In other words, while contributory liability is based on "defendant's failure to stop its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 10 of 12 |

own actions which facilitate third-party infringement," vicarious liability is based on "defendant's failure to cause a third party to stop its directly infringing activities." *Id.* at 1175.

Here, Plaintiff has alleged that Defendant "distributed and/or sold jewelry" featuring an infringed design. Compl. at ¶¶ 10, 15, 20. Further, Plaintiff alleges that "Defendant(s), and each of them, has an ongoing business relationship with retailers, and each of them, and supplied jewelry to said retailers, which products infringed the Subject Designs . . . ." *Id.* at ¶ 24. Plaintiff has therefore sufficiently alleged that Defendant could control or stop the third-party retailers' use of the Subject Designs and that Defendant financially benefited from their infringement.

Moreover, Defendant does not argue that Plaintiff's allegations regarding the contributory and vicarious infringement claims are inadequate, but asserts that there was no underlying act of direct infringement. Because Plaintiff has adequately stated its copyright infringement claim, however Defendant's argument on this ground is unavailing. Defendant's MTD is **DENIED** as tot Plaintiff's contributory and vicarious copyright infringement claims.

### C. Violations of the DMCA

The DMCA was enacted by Congress to comply with the World Intellectual Property Organization ("WIPO") Copyright Treaty and the WIPO Performances and Phonograms Treaty to protect copyrighted works in digital form.[5] *Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc.*, 524 F. Supp. 2d 1184, 1198–99 (C.D. Cal. 2007) (quoting *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 440 (2d Cir. 2001)). The WIPO treaties address "concerns regarding the modification or removal of copyright management information . . . ." *Id.* "Copyright management information" ("CMI"), as defined in the statute, includes "[t]he name of, and other identifying

---

[5] The DMCA states:

> No person shall, without the authority of the copyright owner or the law--
> (1) intentionally remove or alter any copyright management information, [or]
> . . .
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
>
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-1931-DMG (Ex)** | Date | August 14, 2020 |
|---|---|---|---|
| Title | ***Kirk Kara Corp. v. Western Stone and Metal Corp., et al.*** | Page | 11 of 12 |

information about, the author of a work" and "[t]he name of, and other identifying information about, the copyright owner of the work," which appears along with copies of a work in digital form. 17 U.S.C. § 1202(c)(1)–(2). CMI is intended to "assist in tracking and monitoring uses of copyrighted works, as well as licensing of rights and indicating attribution, creation and ownership." 4 Nimmer on Copyright § 12A.08 (2019) (citation omitted).

Plaintiff alleges that the CMI at issue here is the engraving of "KIRK KARA" on its rings that is apparent from the images of the Subject Designs. Compl. at ¶ 36. While the engraving is apparent on the images of the Subject Designs, the images of the Subject Products do not show such an engraving. *Id.* at ¶ 11, 16, 20. Thus, Plaintiff alleges that Defendant violated the DMCA by "intentionally removing and/or altering the CMI attached to Plaintiff's design and then by distributing the Subject Products with knowledge that the [CMI] had been removed or altered without authority of the copyright owner or the law." *Id.* at ¶ 37. Plaintiff also alleges that Defendant "distributed and sold the Subject Products knowing that they had mislabeled and/or fraudulently included improper CMI, knowing that the CMI had been removed or altered . . . and knowing, or, . . . having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of any right under this title." *Id.* at ¶ 38.

To establish a claim under section 1202(b)(1), a plaintiff must plausibly allege: (1) the existence of CMI on the infringed work, (2) removal and/or alteration of that information, and (3) that the removal and/or alteration was done intentionally. 17 U.S.C. § 1202(b)(1); *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 337 (S.D.N.Y. 2019). Actionable conduct under the DMCA also "extends to distributing copies or phonorecords from which the pertinent copyright management information has been deleted or changed." 4 Nimmer on Copyright § 12A.10 (listing selling a book with an altered title as an example of actionable conduct). Alternatively, a plaintiff can demonstrate that a defendant distributed a copyrighted work with knowledge that CMI was removed or altered. 17 U.S.C. § 1202(b)(3); *Craig*, 380 F. Supp. 3d at 337.

Defendant argues that Plaintiff's claim should be dismissed because the images displaying the Subject Designs and the images displaying the Subject Products are not exact copies. MTD 27–28. The Court agrees. Based on a review of the side-by-side images included in the Complaint, the Court can determine that, while the works may be *substantially similar*, Defendant did not make *identical* copies of Plaintiff's works and then remove the engraved CMI. In such cases, even where the underlying works are similar, courts have found that no DMCA violation exists where the works are not identical. *See Kelly v. Arriba Soft Corp.*, 77 F.Supp.2d 1116, 1122 (C.D. Cal. 1999), *aff'd and rev'd in part on other grounds*, 336 F.3d 811 (9th Cir. 2003) (explaining that displaying thumbnails of the plaintiff's images without CMI did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-1931-DMG (Ex) | Date | August 14, 2020 |
|---|---|---|---|
| Title | *Kirk Kara Corp. v. Western Stone and Metal Corp., et al.* | Page | 12 of 12 |

violate the DMCA because CMI was not removed from the plaintiff's original, full-sized images); *Fischer v. Forrest*, 286 F. Supp. 3d 590, 609 (S.D.N.Y. 2018) (finding that CMI was not removed where advertisements were not entirely copied, despite containing the same four phrases); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. CIV. 13-00496 SOM, 2015 WL 263556, at *2 (D. Haw. Jan. 21, 2015), *aff'd*, 700 F. App'x 674 (9th Cir. 2017) (stating that because architectural drawings were "not identical . . . this court cannot say that [the defendant] removed or altered [the plaintiff]'s copyright management information").

Defendant's MTD is therefore **GRANTED** as to Plaintiff's DMCA claim. Since it does not appear possible for Plaintiff to make new or different allegations that would disturb the conclusion that Defendant's rings are not identical copies of Plaintiff's rings, leave to amend Plaintiff's Third Claim is **DENIED**. *Knapperberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'").

V.
CONCLUSION

In light of the foregoing, Defendant's MTD is **GRANTED** as to Plaintiff's DMCA claim, and **DENIED** as to Plaintiff's claims for copyright infringement, contributory copyright infringement, and vicarious copyright infringement. Defendant shall file its Answer to Plaintiff's Complaint by **September 4, 2020**.

**IT IS SO ORDERED**.