1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KARA CORP., a California corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>WESTERN STONE & METAL CORP., doing business as SHANE CO., a Colorado corporation, et al.,<br><br>          Defendants. | Case No.    2:20-CV-01931-DMG-E<br><br>[~~PROPOSED~~] ORDER GRANTING STIPULATED PROTECTIVE ORDER |

1.   A. <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.

B. <u>GOOD CAUSE STATEMENT</u>

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: this pending federal lawsuit.

1       2.2    Challenging Party:  a Party or Non-Party that challenges the

2 designation of information or items under this Order.

3       2.3    "CONFIDENTIAL" Information or Items:  information (regardless of

4 how it is generated, stored or maintained) or tangible things that qualify for

5 protection under Federal Rule of Civil Procedure 26(c), and as specified above in

6 the Good Cause Statement.

7       2.4    "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

8 Information or Items:  extremely sensitive "CONFIDENTIAL" Information or

9 Items, the disclosure of which to another Party or Non-Party would create a

10 substantial risk of serious harm that could not be avoided by less restrictive means.

11       2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as

12 their support staff).

13       2.6    Designating Party:  a Party or Non-Party that designates information or

14 items that it produces in disclosures or in responses to discovery as

15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

16 ONLY."

17       2.7    Disclosure or Discovery Material:  all items or information, regardless

18 of the medium or manner in which it is generated, stored, or maintained (including,

19 among other things, testimony, transcripts, and tangible things), that are produced or

20 generated in disclosures or responses to discovery in this matter.

21       2.8    Expert:  a person with specialized knowledge or experience in a matter

22 pertinent to the litigation who has been retained by a Party or its counsel to serve as

23 an expert witness or as a consultant in this Action.

24       2.9    House Counsel:  attorneys who are employees of a party to this Action.

25 House Counsel does not include Outside Counsel of Record or any other outside

26 counsel.

27       2.10   Non-Party:  any natural person, partnership, corporation, association, or

28 other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise

1  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

2  under this Order must be clearly so designated before the material is disclosed or

3  produced.

4       Designation in conformity with this Order requires:

5       (a)  for information in documentary form (e.g., paper or electronic

6  documents, but excluding transcripts of depositions), that the Producing Party affix

7  at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

8  ATTORNEYS' EYES ONLY" to each page that contains protected material.  If

9  only a portion or portions of the material on a page qualifies for protection, the

10  Producing Party also must clearly identify the protected portion(s) (e.g., by making

11  appropriate markings in the margins).

12       A Party or Non-Party that makes original documents available for inspection

13  need not designate them for protection until after the inspecting Party has indicated

14  which documents it would like copied and produced. During the inspection and

15  before the designation, all of the material made available for inspection shall be

16  deemed "CONFIDENTIAL." After the inspecting Party has identified the

17  documents it wants copied and produced, the Producing Party must determine which

18  documents, or portions thereof, qualify for protection under this Order.  Then,

19  before producing the specified documents, the Producing Party must affix the

20  "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

21  ONLY" legend to each page that contains Protected Material.  If only a portion or

22  portions of the material on a page qualifies for protection, the Producing Party also

23  must clearly identify the protected portion(s) (e.g., by making appropriate markings

24  in the margins).

25       (b)  for testimony given in depositions that the Designating Party identifies

26  on the record, before the close of the deposition as protected testimony. Portions of

27  deposition transcripts may also be designated as "CONFIDENTIAL" or "HIGHLY

28  CONFIDENTIAL -- ATTORNEYS' EYES ONLY" within 14 days after receipt of

the transcript by Counsel for the Party or Non-Party whose "CONFIDENTIAL" Information was disclosed at the deposition by serving on all other parties to the action a letter designating by page and line number the portion or portions of the deposition transcript containing Protected Material.  Until the 14-day period has expired, the full deposition testimony and transcript shall be treated in its entirety as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

1  Party has waived or withdrawn the confidentiality designation, all parties shall

2  continue to afford the material in question the level of protection to which it is

3  entitled under the Producing Party's designation until the Court rules on the

4  challenge.

5         7.     ACCESS TO AND USE OF PROTECTED MATERIAL

6         7.1    Basic Principles.  A Receiving Party may use Protected Material that is

7  disclosed or produced by another Party or by a Non-Party in connection with this

8  Action only for prosecuting, defending, or attempting to settle this Action.  Such

9  Protected Material may be disclosed only to the categories of persons and under the

10  conditions described in this Order. When the Action has been terminated, a

11  Receiving Party must comply with the provisions of Section 13 below.

12         Protected Material must be stored and maintained by a Receiving Party at a

13  location and in a secure manner that ensures that access is limited to the persons

14  authorized under this Order.

15         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

16  otherwise ordered by the court or permitted in writing by the Designating Party, a

17  Receiving Party may disclose any information or item designated

18  "CONFIDENTIAL" only to:

19         (a)  the Receiving Party's Outside Counsel of Record in this Action, as

20  well as employees of said Outside Counsel of Record to whom it is reasonably

21  necessary to disclose the information for this Action;

22         (b)  the officers, directors, and employees (including House Counsel) of

23  the Receiving Party to whom disclosure is reasonably necessary for this Action;

24         (c)  Experts (as defined in this Order) of the Receiving Party to whom

25  disclosure is reasonably necessary for this Action and who have signed the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

27         (d)  the court and its personnel;

28         (e)  private court reporters and their staff to whom disclosure is reasonably

1  necessary for this Action and who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A);

3      (f)  professional jury or trial consultants, mock jurors, and Professional

4  Vendors to whom disclosure is reasonably necessary for this Action and who have

5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6      (g)  the author or recipient of a document containing the information or a

7  custodian or other person who otherwise possessed or knew the information;

8      (h)  during their depositions, witnesses, and attorneys for witnesses, in the

9  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

10 requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

11 (Exhibit A); and (2) they will not be permitted to keep any confidential information

12 unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

13 unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

14 transcribed deposition testimony or exhibits to depositions that reveal Protected

15 Material may be separately bound by the court reporter and may not be disclosed to

16 anyone except as permitted under this Protective Order; and

17     (i)  any mediator or settlement officer, and their supporting personnel,

18 mutually agreed upon by any of the parties engaged in settlement discussions.

19     7.3    Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

20 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in

21 writing by the Designating Party, a Receiving Party may disclose any information or

22 item designated "CONFIDENTIAL" only to:

23     (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

24 as employees of said Outside Counsel of Record to whom it is reasonably necessary

25 to disclose the information for this Action;

26     (b)  Experts (as defined in this Order) of the Receiving Party to whom

27 disclosure is reasonably necessary for this Action and who have signed the

28 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (c)  the court and its personnel;

2    (d)  private court reporters and their staff to whom disclosure is reasonably

3  necessary for this Action and who have signed the "Acknowledgment and

4  Agreement to Be Bound" (Exhibit A);

5    (e)  professional jury or trial consultants, mock jurors, and Professional

6  Vendors to whom disclosure is reasonably necessary for this Action and who have

7  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8    (f)  the author or recipient of a document containing the information or a

9  custodian or other person who otherwise possessed or knew the information; and

10    (g)  any mediator or settlement officer, and their supporting personnel,

11  mutually agreed upon by any of the parties engaged in settlement discussions.

12    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

13        <u>PRODUCED IN OTHER LITIGATION</u>

14    If a Party is served with a subpoena or a court order issued in other litigation

15  that compels disclosure of any information or items designated in this Action as

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

17  ONLY," that Party must:

18    (a)  promptly notify in writing the Designating Party. Such notification

19  shall include a copy of the subpoena or court order unless prohibited by law;

20    (b)  promptly notify in writing the party who caused the subpoena or order

21  to issue in the other litigation that some or all of the material covered by the

22  subpoena or order is subject to this Protective Order.  Such notification shall include

23  a copy of this Protective Order; and

24    (c)  cooperate with respect to all reasonable procedures sought to be

25  pursued by the Designating Party whose Protected Material may be affected.

26    If the Designating Party timely seeks a protective order, the Party served with

27  the subpoena or court order shall not produce any information designated in this

28  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

1   EYES ONLY" before a determination by the court from which the subpoena or

2   order issued, unless the Party has obtained the Designating Party's permission, or

3   unless otherwise required by the law or court order.  The Designating Party shall

4   bear the burden and expense of seeking protection in that court of its confidential

5   material and nothing in these provisions should be construed as authorizing or

6   encouraging a Receiving Party in this Action to disobey a lawful directive from

7   another court.

8       9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

9           <u>PRODUCED IN THIS LITIGATION</u>

10          (a)  The terms of this Order are applicable to information produced by a

11  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced by

13  Non-Parties in connection with this litigation is protected by the remedies and relief

14  provided by this Order.  Nothing in these provisions should be construed as

15  prohibiting a Non-Party from seeking additional protections.

16          (b)  In the event that a Party is required, by a valid discovery request, to

17  produce a Non-Party's confidential information in its possession, and the Party is

18  subject to an agreement with the Non-Party not to produce the Non-Party's

19  confidential information, then the Party shall:

20              (1)  promptly notify in writing the Requesting Party and the Non-Party

21  that some or all of the information requested is subject to a confidentiality

22  agreement with a Non-Party;

23              (2)  promptly provide the Non-Party with a copy of the Protective

24  Order in this Action, the relevant discovery request(s), and a reasonably specific

25  description of the information requested; and

26              (3)  make the information requested available for inspection by the

27  Non-Party, if requested.

28          (c)  If a Non-Party represented by counsel fails to commence the process

called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR
         OTHERWISE PROTECTED MATERIAL

If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this

action shall hereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return of such item or items of information. Absent court order or agreement of the parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. Nothing in this Order shall be construed to require the production of any information, document, or thing that a party contends is protected from disclosure by the attorney-client privilege or the work product doctrine. The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure subject to the Producing Party's assertion of privilege or immunity. The parties agree, pursuant to Federal Rules of Evidence, Rule 502(b), that any inadvertent disclosure of privileged information or items does not operate as a waiver.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.   Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue.  If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information

in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60

days of a written request by the Designating Party, each Receiving Party must return

all Protected Material to the Producing Party or destroy such material.  As used in

this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

(by category, where appropriate) all the Protected Material that was returned or

destroyed and (2) affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or any other format reproducing or capturing any

of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such

materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in

Section 4.  Counsel also shall not be required to return or destroy documents or

other materials that are stored on backup storage media made in accordance with

regular data backup procedures for disaster recovery purposes or are located in

email archives or archived electronic files, provided however that these materials

continue to be subject to the terms of this Protective Order. Backup storage media

will not be restored for purposes of returning or certifying destruction of Protected

Material, but such retained information shall continue to be treated in accordance

1  with this Protective Order.

2       14.    Any violation of this Order may be punished by any and all appropriate

3  measures including, without limitation, contempt proceedings and/or monetary

4  sanctions.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3   DATED: March 2, 2021                  GLASER WEIL FINK HOWARD
                                             AVCHEN & SHAPIRO LLP
4

5
                                      By:   /s/ Thomas P. Burke Jr.
6                                           LAWRENCE M. HADLEY
                                            THOMAS P. BURKE JR.
7
                                      FAIRFIELD & WOODS, P.C.
8                                        JOHN M. TANNER
                                         J. MARK SMITH
9
                                         *Attorneys for Defendant*
10                                       *Western Stone & Metal Corp.*

11

12   DATED: March 2, 2021                  DONIGER / BURROUGHS

13

14                                    By:   /s/ Trevor W. Barrett
                                            STEPHEN M. DONIGER
15                                          SCOTT ALAN BURROUGHS
                                            TREVOR W. BARRETT
16
                                         *Attorneys for Plaintiff*
17                                       *Kirk Kara Corp.*

18

19

20  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

21  DATED:   3/4/21

22

23                                       /S/ CHARLES F. EICK
                                         Honorable Charles F. Eick
24                                       United States Magistrate Judge

25

26

27

28