Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KARA CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN STONE & METAL CORP., doing business as SHANE CO., a Colorado Corporation; DOES 1-10,<br><br>Defendants. | Case No.: 2:20-cv-01931-DMG-E<br>_Honorable Dolly M. Gee Presiding_<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION TO REOPEN CASE; MEMORANDUM OF POINTS AND AUTHORITY; DECLARATION OF SCOTT ALAN BURROUGHS**<br><br>Date: Friday, February 11, 2022<br>Time: 9:30 am<br>Courtroom: United States Courthouse, 350 West 1st Street<br>Los Angeles, CA 90012<br>Courtroom 8C, 8th Floor |

**TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:**

Plaintiff Kirk Kara Corp. ("Kirk Kara") and Defendant Western Stone & Metal Corp., doing business as Shane Co. ("Shane") (collectively, the "Parties") will and hereby do jointly move the Court for an order pursuant to Federal Rule of Civil Procedure 60(b)(6) to set aside its December 15, 2021 Order placing the Action in inactive status and resultantly reopen the case. This joint motion will be made on the grounds that:

1. The December 15, 2021 Order placed the action in inactive status. (Dkt. #48 and #49-1.)

2. The December 15, 2021 Order is predicated upon the Parties filing "[b]y January 13, 202[2] […] either (1) a stipulation and proposed order for dismissal of the action or judgment, or (2) a motion to reopen if settlement has not been consummated." (Dkt. #48 and #49-1.)

3. On July 28, 2021, the Parties attended a mediation conference and reached a settlement to resolve the action (*see* Dkt. #45).

4. In the months that have followed, the Parties attempted to negotiate certain terms of settlement but failed to execute the agreement and consummate the settlement as agreed during the mediation conference. (See Declaration of Scott Alan Burroughs ("Burroughs Decl.") ¶ 4, 6.

5. On December 14 2021, the Parties filed a joint status report indicating that they anticipated being able to finalize and fully execute a settlement agreement and file a stipulation of dismissal within thirty days. (Dkt. #47.)

6. The Parties were unable to reach an agreement and finalize the settlement agreement. Given where the Parties are in their negotiations, the parties believe a second mediation conference before Magistrate Judge Eick would be beneficial. Burroughs Decl. ¶ 7.

7. As there was no other avenue through which to resolve this matter, the Parties now submit this motion.

Respectfully submitted,

Dated:  January 13, 2022      By: /s/ Scott Alan Burroughs
                                    Scott Alan Burroughs

DONIGER / BURROUGHS
Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Kirk Kara Corp.

Dated:  January 13, 2022      By: /s/ Mark Smith
                                    Mark Smith (*pro hac vice*)

FAIRFIELD AND WOODS, P.C.
Mark Smith – *Pro hac vice*
jmsmith@fwlaw.com
1801 California Street, Suite 2600
Denver, Colorado 80202
Telephone:  (303) 894-4459
Facsimile:   (303) 830-1033

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
Lawrence M. Hadley - State Bar No. 157728
lhadley@glaserweil.com
Thomas P. Burke Jr. - State Bar No. 288261
tburke@glaserweil.com
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000

iii
NOTICE OF JOINT MOTION AND JOINT MOTION TO REOPEN CASE

Facsimile:   (310) 556-2920

Attorneys for Defendant
Western Stone & Metal Corp.

iv

NOTICE OF JOINT MOTION AND JOINT MOTION TO REOPEN CASE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     Statement of Facts

On July 28, 2021, the Parties attended a mediation conference before Magistrate Judge Eick and reached a settlement in principle to resolve all claims at issue in the action. (Dkt. #45.) The Parties attempted to negotiate certain settlement terms. Burroughs Decl. ¶¶ 4, 6.

On December 14, 2021, the Parties filed a joint status report with the court indicating that they anticipated being able to stipulate to a dismissal within thirty days. (Dkt. #47.) On December 15, 2021, the Court placed the action in inactive status. (Dkts. #48 and #49-1.) The December 15, 2021 Order is predicated upon the Parties filing "[b]y January 13, 202[2] […] either (1) a stipulation and proposed order for dismissal of the action or judgment, or (2) a motion to reopen if settlement has not been consummated." (Dkts. #48 and #49-1.) In the month that followed, the Parties were unable to consummate a settlement agreement.

The Parties now jointly request that the Court set aside its December 15th Order, reopen the case, and refer the parties to a second mediation conference before Magistrate Judge Eick. And, should the Parties be unable to consummate a settlement agreement within a date certain, Plaintiff requests that the Court allow Plaintiff to proceed in litigating its claim against Shane.

## II.    Argument

The dismissal of this matter should be set aside under Federal Rule of Civil Procedure 60(b) because despite the Parties' negotiation attempts, the Parties have been able to finalize and execute the settlement agreement, which constitutes good cause. "Rule 60(b) authorizes the court, 'upon such terms as are just' to relieve a party from an order for several stated reasons 'or (6) any other reason justifying relief. . . .'" *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989)(quotations in original). Generally, only "extraordinary circumstances" justify

relief under the rule. *Compression Sols., Inc. v. Team Makena, LLC*, No. SACV13388JVSANX, 2014 WL 12588476, at *1 (C.D. Cal. Jan. 30, 2014); quoting *United States v. Sparks*, 685 F.2d 1128, 1129 (9th Cir. 1982). Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating a court's prior dismissal order. *Keeling v. Sheet Metal Workers Int'l Ass'n*, 937 F.2d 408, 410 (9th Cir. 1991). Here, the Parties' disagreement regarding how to honor the settlement agreement justifies the relief sought given the extraordinary circumstances surrounding the performance under the agreement. Id.; *In re Pacific Far East Lines, Inc.*, 889 F.2d at 250 (citing *Klapprott v. United States*, 335 U.S. 601 (1949)).

### A. There are extraordinary circumstances here that merit reopening this action under Federal Rule 60(b)(6), as the Parties have failed to consummate the settlement agreement

Sufficient circumstances exist so as to justify the Court setting aside its order of dismissal and reopening this case. The Parties' inability to execute the settlement agreement within the time provided by the court for filing a stipulation and proposed order for the dismissal of the action, by which the Parties agreed to dismiss the action in exchange for certain releases and other conditions, constitutes an extraordinary circumstance under Rule 60(b)(6). As a result of the Parties' failure to execute the settlement agreement, Plaintiff is unable to dismiss this action.

Breach of a settlement agreement has been held to be an adequate reason for reopening a case under Rule 60(b)(6). In *Kokkonen v. Guardian Life Ins. Co. of America*, the court was confronted with a request regarding a breached settlement agreement. *Kokkonen*, 511 U.S. 375 (1994). In *Kokkonen*, the court expressly stated that a motion to reopen a case pursuant to Rule 60(b)(6) should be heard: "It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the

agreement that was the basis for dismissal." Id. at 378. In this matter, Plaintiff is not seeking to have the agreement enforced, because no settlement was ultimately reached in writing, instead it is seeking to reopen the matter as suggested in *Kokkoken* and pursuant to the Court's December 15, 2021, Order. See also *Keeling v. Sheet Metal Workers Int'l Assn.*, 937 F.2d 408, 410 (9th Cir. 1991); *Fairfax Countywide Citizens Assn. v. Fairfax County*, 571 F.2d 1299, 1302-1303 (4th Cir. 1978)). On the following grounds the Court should reopen the case for the Parties' failure to consummate the settlement agreement.

### B. This motion is timely

For the reasons stated herein, the Parties' motion to reopen the above-referenced action should be granted, and this case should be returned to the Court's active calendar for referral to the magistrate judge for a second settlement conference, or alternatively, prosecution.

The Parties' motion is timely because it is being made by the deadline of January 13, 2022[1], which has been set out in the Court's December 15, 2021, Order and Notice to All Parties. And "[w]hat constitutes a reasonable time depends on the facts of each case. Major considerations relevant here are whether the [responding party] was prejudiced by the delay and whether the [moving party] had a good reason for failing to take action sooner." *Pacific Far East*, 889 F.2d at 249. In the instant case, the Parties have been negotiating settlement terms for months. Additionally, the Parties are in agreement regarding reopening and referral for a second mediation conference. Thus, both considerations weigh in favor of reopening.

The facts of the case recited above demonstrate that the Parties could not have made this motion appreciably sooner. The Parties attempted to resolve their dispute regarding certain settlement terms. Once it became apparent that the Parties were at

---

[1] The Court set a deadline of January 13, 2021 in its December 15, 2021 order.

an impasse, the Parties discussed filing a joint request to reopen the mediation, but in order to do so, the case must be reopened. Burroughs Decl. ¶ 7. In light of the Parties' settlement efforts, the Parties respectfully request that the Court reopen the case and refer the Parties to a second mediation conference. Should the Parties be unable to consummate a settlement agreement by a date certain after the second mediation conference, the case should be returned to the Court's active calendar for prosecution.

### III. Conclusion

For the reasons stated herein, the Parties' motion to reopen the above-referenced action should be granted, and this case should be returned to the Court's active calendar for prosecution.

Respectfully submitted,

Dated: January 13, 2022     By: /s/ Scott Alan Burroughs
                                Scott Alan Burroughs

DONIGER / BURROUGHS
Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Kirk Kara Corp.

Dated: January 13, 2022     By: /s/ Mark Smith
                                Mark Smith (*pro hac vice*)

FAIRFIELD AND WOODS, P.C.
Mark Smith – *Pro hac vice*

4

JOINT MOTION TO REOPEN CASE

jmsmith@fwlaw.com
1801 California Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 894-4459
Facsimile: (303) 830-1033

GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
Lawrence M. Hadley - State Bar No. 157728
lhadley@glaserweil.com
Thomas P. Burke Jr. - State Bar No. 288261
tburke@glaserweil.com
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendant
Western Stone & Metal Corp.

# DECLARATION OF SCOTT ALAN BURROUGHS, ESQ.

I, Scott Alan Burroughs, am a shareholder at DONIGER / BURROUGHS, which represents Plaintiff Kirk Kara Corp. in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. I caused this lawsuit to be filed against Defendant Western Stone & Metal Corp. ("Shane"), who at all relevant times is and was a named Defendant in this action.

2. Pursuant to the Court's June 15, 2021 Order (Dkt. #43), the Parties participated in a mediation conference on July 28, 2021.

3. The Parties reached a settlement in principle to resolve the action at the mediation conference (*see* Dkt. #45).

4. In the months that have followed, the Parties attempted to negotiate certain terms of settlement.

5. On December 14, 2021, the Parties filed a joint status report indicating that they anticipated being able to finalize and fully execute a settlement agreement and file a stipulation of dismissal within thirty days. (Dkt. #47.)

6. In the time that has elapsed, the Parties have worked to finalize the terms of the settlement agreement but failed to execute the agreement and consummate the settlement.

7. Given where the Parties are at this stage in their negotiations, the Parties discussed whether a second mediation conference before Magistrate Judge Eick would be beneficial and intend to make a joint request for same once the action has been restored to the Court's calendar.

I solemnly swear and declare under the laws of the State of California and the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: January 13, 2022      By:   /s/ *Scott Alan Burroughs*
       Brooklyn, NY                Scott Alan Burroughs, Esq.
                                        Declarant

## Attestation of Concurrence

I, Scott Alan Burroughs, in accordance with Local Rule 5-4.3.4(a)(2)(i), hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

                                     By:   /s/ *Scott Alan Burroughs*
                                            Scott Alan Burroughs, Esq.